THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DUANE MOORE,

               Plaintiff,

    v.

ALLSTATE INDEMNITY COMPANY,

               Defendant.

CASE NO. C20-5874-JCC-JRC

ORDER

This matter comes before the Court on Defendant Allstate Indemnity Company's Objections (Dkt. No. 42) to the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, U.S. Magistrate Judge, (Dkt. No. 41). Having thoroughly considered the R&R, the parties' briefing, and the relevant record, the Court hereby OVERRULES Allstate's objections, ADOPTS the R&R, and thus DENIES the motion for summary judgment.

## I.    BACKGROUND

On August 16, 2019, a fire destroyed a residential property ("Property") owned by Plaintiff Duane Moore. (*See* Dkt. No. 27-4 at 2, 6–7.) At issue is what caused the fire: Dr. Moore's policy with Allstate insures the Property for "sudden and accidental" loss, but it excludes coverage for losses resulting from vandalism. (Dkt. No. 29-1 at 17, 24, 28.)

Available evidence suggests the fire began in the Property's basement, in a storage closet

under a stairway. (Dkt. No. 28 at 2–3.) Various people have weighed in with various degrees of confidence about what did or did not cause the fire, or whether finding the cause is even possible.

The Olympia Fire Department's incident report says the cause of ignition was "undetermined after investigation." (Dkt. Nos. 27-4 at 6, 27-5 at 3.) Allstate's claims investigator writes that the fire "appears to be due to an electrical failure but [there is] no way to prove this." (Dkt. No. 34-1.) Dale Mann, Allstate's fire investigation expert,[1] rules out weather, nature, electrical malfunction, or other "non-human accidental cause[s]" as potential culprits. (Dkt. No. 28 at 5–6.) Having eliminated those candidates, and because he found the remnants of a gasoline container, a stack of magazines, and some boxes near the suspected fire origin, along with an open basement window, Mann thinks it is more likely than not that a trespasser set the fire deliberately. (*Id.* at 6–7.) Mann ultimately concludes, however, that under industry standards for fire investigations, "the specific cause for this fire is undetermined." (Dkt. No. 28-2 at 26.)

Plaintiff's fire investigation expert, John Lentini, also concludes the cause is "undetermined." (Dkt. No. 35 at 17.) Plaintiff's mechanical engineering expert, Gerard Schaefer, concurs. (Dkt. No. 36 at 15.)

## II.   DISCUSSION

### A.   Legal Standard

The Court reviews *de novo* any part of the magistrate judge's report and recommendation that a party specifically objects to in writing. Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[1] Dr. Moore objects on *Daubert* grounds to Mann's opinion evidence. (Dkt. No. 43 at 2–3.) The Court does not address that issue, because even assuming Mann's testimony (or any of the opinion evidence in the record, for that matter) is admissible, that would not change the Court's decision on Allstate's objections to the R&R.

ORDER
C20-5874-JCC-JRC
PAGE - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views facts in the light most favorable to the nonmoving party and resolves ambiguity in that party's favor, but it must not make credibility determinations or weigh evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 255 (1986); *Bator v. Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994). The moving party has the initial burden to show the lack of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that party succeeds, the burden shifts to the nonmoving party to demonstrate there is an issue for trial. *See Celotex*, 477 U.S. at 323–24. If the movant fails, the nonmovant need not present any evidence, even if it has the ultimate burden at trial. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000).

**B.      Insurance Coverage**

Dr. Moore's policy with Allstate covers "sudden and accidental direct physical loss" to the Property. (Dkt. No. 29-1 at 28.) But the Policy does not cover losses "caused by fire resulting from vandalism" if the Property "is vacant or unoccupied for more than 90 consecutive days immediately prior to the vandalism." (*Id.* at 17.)

Under Washington law, an insured must show that the policy covers the loss, and the burden then shifts to the insurer to show that an exclusion bars coverage. *Wright v. Safeco Ins. Co. of Am.*, 109 P.3d 1, 5 (Wash. Ct. App. 2004). Thus, Dr. Moore will have the burden at trial to show that the fire was a "sudden and accidental direct physical loss." (Dkt. No. 42 at 4 (citing *Eagle W. Ins. Co. v. SAT, 2400, LLC*, 187 F. Supp. 3d 1231, 1235 (W.D. Wash. 2016).) But as the moving party on summary judgment, it is Allstate who must establish that Dr. Moore's evidence is insufficient. *See Celotex*, 477 U.S. at 323–24; *Nissan Fire*, 210 F.3d at 1102–03.

Allstate argues that Dr. Moore's evidence is mere speculation about possible causes from which no reasonable factfinder could find the fire was "sudden and accidental." Regardless,

Allstate argues, based on its own evidence, there is no genuine dispute that the vandalism exclusion applies.

      1.    <u>Sudden and Accidental Loss</u>

The Washington courts have defined an "accident" for insurance purposes in various ways. An accident is an "unusual, unexpected, and unforeseen happening." *Grange Ins. Co. v. Brosseau*, 776 P.2d 123, 125 (Wash. 1989). Said another way, an accident is "an unexpected, unforeseen, or undesigned happening or consequence from either a known or an unknown cause." *Yakima Cement Prods. Co. v. Great Am. Ins. Co.*, 608 P.2d 254, 257 (Wash. 1980). Regardless of the exact wording, the point is that "[i]njuries will not be deemed caused by an accident where the injuries are intentionally inflicted," which "would be against public policy to insure." *Detweiler v. J.C. Penney Cas. Ins. Co.*, 751 P.2d 282, 285 (Wash. 1988).

Allstate argues that Dr. Moore "offered no evidence that the fire was 'a sudden and accidental direct physical loss'" because Dr. Moore's affirmative evidence suggests that the cause of the fire cannot be determined. (Dkt. No. 42 at 4.) According to Allstate, evidence merely suggesting various *possible* causes is insufficient to create a factual issue unless it points to a cause that was actually *responsible* for the fire. (Dkt. No. 42 at 4–8.)

Allstate is wrong. Evidence that the fire's cause is undetermined *is* evidence from which a trier of fact could find that the fire was sudden and accidental. Because an "accident" is an unexpected, unusual, or unforeseeable happening, regardless of cause, Dr. Moore's evidence that various causes cannot be ruled out affirmatively tends to show that the fire was accidental. Indeed, one thing witnesses seemingly agree on is that finding "the" cause of the fire may not be possible. (*See* Dkt. No. 27-2 at 5 (Dr. Moore's Answer to Interrogatory 8: "I do not know the cause of the fire, or how or precisely where it started."); Dkt. No. 27-5 at 3 (Olympia Fire Department: "The cause of the fire was undetermined."); Dkt. No. 28-2 at 26 (Dale Mann expert report: "[T]he specific cause for this fire is undetermined."); Dkt. No. 35 at 17 (John Lentini

expert opinion: "I classify this fire on a more probable than not basis as **undetermined**." (emphasis original)); *accord* Dkt. No. 36 at 15 (expert opinion of Gerard Schaefer).)

This is not to say that any loss is automatically presumed to be an accident or that an insured need not offer evidence to show that a loss was accidental. Rather, Dr. Moore makes an affirmative showing that the fire's cause cannot be determined, and from which the trier of fact could reasonably find it was accidental.

Moreover, assigning a "true" cause to this fire is a credibility contest among various witnesses, which the Court cannot resolve on summary judgment. (*See* Dkt. No. 41 at 8 (R&R: "[I]f the factfinder is presented with a choice between the fire being accidentally or deliberately set and disbelieves defendant's experts . . . the factfinder could reasonably then infer that the fire was started accidentally (i.e., not deliberately).").)

By asserting that Dr. Moore must provide affirmative evidence of a particular cause, Allstate essentially tries to change the plaintiff's burden by making him rule out vandalism. But that is not what is required to show a "sudden and accidental" loss under Allstate's policy. Thus, the Magistrate Judge correctly concluded that Allstate failed to show an absence of genuine factual issues about whether the fire was accidental.

2.   Vandalism exclusion

Allstate argues that the R&R incorrectly rejected its argument that the vandalism exclusion bars coverage. (Dkt. No. 42 at 10–11.) The vandalism exclusion applies to a loss that results from vandalism if the property is vacant for more than 90 days straight immediately before the vandalism. (Dkt. No. 29-1 at 17.) There is no dispute about vacancy; the only issue is vandalism.

Dr. Moore's policy with Allstate defines "vandalism" as "willful or malicious conduct resulting in damage or destruction of property." (Dkt. No. 29-1 at 24.) To demonstrate this, Allstate points to circumstantial evidence suggesting a human cause for the fire, including a history of trespassers at the Property, the scrap of gasoline container, the open window, which

was apparently supposed to have been closed, and other items found at the scene. (*See* Dkt. No. 42 at 10–11.) This evidence can be viewed—and Allstate views it—as both establishing vandalism and rebutting Dr. Moore's assertion that the fire was sudden and accidental.

The trouble is, while this evidence may point to a trespasser, it does not suggest the trespasser knew, should have known, or intended that the fire would damage the Property (versus light a cigarette, for example). Even if a person lit the fire, the loss could still be an accident. *See State Farm Fire & Cas. Co. v. Ham & Rye, L.L.C.*, 174 P.3d 1175, 1179–81 (Wash. Ct. App. 2007) (an "accident" can result from intentional, volitional conduct so long as the resulting consequence was not foreseeable or intended).

This evidence also does not establish that Allstate's trespasser acted "willfully and maliciously," as the vandalism exclusion requires. Though Washington courts do not appear to have articulated a precise definition for "willful and malicious" conduct, it seems clear that such conduct involves a desire to cause harm or at least some awareness that the conduct is wrongful. *See Ham & Rye, L.L.C.*, 174 P.3d 1175, 1181–82 (Wash. Ct. App. 2007). Allstate presents no evidence that a person who started the fire acted with such a mental state.

One could make various arguments from the evidence for why vandalism did or did not cause the fire, but the venue for testing those theories is trial. At this stage, Allstate's evidence hinting at a human cause contradicts Dr. Moore's evidence that the cause is undetermined. The R&R properly recommends denying Allstate's summary judgment motion.

## III.   CONCLUSION

For the foregoing reasons, the Court OVERRULES Allstate's Objections (Dkt. No. 42), ADOPTS the R&R (Dkt. No. 41), and DENIES Allstate's summary judgment motion. (Dkt. No. 26).

//

//

//

DATED this 21st day of September 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE